Cukia, per O’Neall, J.
The general rule is, that the Court “ will not take cognizance of distinct and separate claims or lia *34 bilities of different persons in one suit, though standing in the same relative situation,” 1 C. P. 8. In the case of sureties who pay the debt of their principal, the general rule is that each must sue for the amount paid by him : and if they were to join, their interest generally being several, they would fail. But, to this rule there seems to be this exception, if the debt of the principal has been paid out of a joint fund, or by the joint credit of the sureties, then the payment being a joint act, and joint interest, they may sustain an action in their joint names, 1 C. P. 8-9; 5 E. 225.
This exception has not been disputed on the present occasion: but it has been contended that this case does not come within it. The payment on which the plaintiffs proceed, was by their joint and several note. In cases of a joint interest or liability, the interest or liability is in or for the whole thing or sum. This interest or liability being thus inseparable, makes the parties one in court. Here let it be asked, first, what liabilities have the plaintiffs incurred by paying the defendant’s debt by their joint and several note 1 The payee may treat it, as joint or several as he may choose :he may collect it in equal moieties from each, or he may collect the whole from either. This shows that, to all legal purposes, it was a payment by their joint liability, and of course, by their joint credit. Let it now be asked, what is their legal interest arising out of the payment so made ? The note with which it is made is the note of both, or either, for the whole sum contained in it; this makes it the common fund of both. I can perceive no difference between it and money belonging to both. When received as payment, it is considered quasi money; and hence, is the payment of both, out of a joint fund. If, on their joint note, the money had been borrowed, and the debt paid with it, the case from 5 E. 225, would have been conceded to be a direct authority for the maintenance of the suit. What is the difference ? The debt has been paid by their joint note, without the circuity of borrowing the money. But the analogy of the case from 5 E, 225, is perfect to this view of this case. For, in legal effect, Wilson, the payee, may be regarded as loaning to these plaintiffs the money, upon their joint and several note, for which they were the defendant’s securities. This view is strengthened by the fact, that the note of *35 their principal, when their note was accepted as payment, was delivered to them; thus making it their joint property. — The motion is dismissed.
Burt and Thompson, for the motion.
Martin, contra.
Gantt, Evans, Richardson, and Butler, Justices, concurred.